1
2
3
4                     UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6                           SAN JOSE DIVISION
7
8    PETER STROJNIK,                          Case No.  19-cv-07579-VKD
              Plaintiff,
9
                                             **ORDER DISMISSING ALL CLAIMS**
10        v.                                  **FOR LACK OF STANDING**
11   PORTOLA HOTEL, LLC,                       Re: Dkt. Nos. 23-1
              Defendant.
12
13
14        Pro se plaintiff Peter Strojnik filed this disability rights action asserting a claim under Title

15   III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. and

16   related state law claims against defendant Portola Hotel, LLC ("Portola").  His allegations concern

17   purported accessibility barriers at the Portola Hotel ("the Hotel") in Monterey, California.

18        Portola now moves for judgment on the pleadings under Federal Rule of Civil Procedure

19   12(c) for lack of standing and failure to state a claim.  Dkt. No. 23-1.  Mr. Strojnik opposes the

20   motion.  Dkt. No. 24.  The Court finds the matter suitable for resolution without oral argument.

21   Civ. L.R. 7-1(b).  Having considered the parties' submissions, the Court dismisses the ADA claim

22   for lack of standing.  Mr. Strojnik's state law claims are dismissed without prejudice.[1]

23   **I.     BACKGROUND**

24        Mr. Strojnik is an Arizona resident who says that he is disabled within the meaning of the

25   ADA due to severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy,

26

27   _____

28   [1] All parties have expressly consented that all proceedings in this matter may be heard and finally
     adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 5, 12.

prostate cancer and renal cancer, and a prosthetic right knee.  Dkt. No. 1 ¶ 3.  Mr. Strojnik says

that he "walks with difficulty and pain and requires compliant mobility features at places of public

accommodation."  *Id*. ¶ 4.  "By virtue of his disability," Mr. Strojnik further alleges that he

"requires an ADA compliant lodging facility particularly applicable to his mobility, both

ambulatory and wheelchair assisted."  *Id*. ¶ 14.

Mr. Strojnik alleges that he "intended to visited [sic] the Monterey area in the September

26-27, 2019 time frame" and encountered accessibility barriers while lodging at one of Portola's

competitors.  *Id.* ¶¶ 15, 17-18.  Mr. Strojnik further alleges that he therefore "visited [the Hotel] to

determine whether *its* accessibility features would be adequate for [his] future intended travel and

lodging in the area."  *Id*. ¶ 18.  However, Mr. Strojnik alleged that at the Hotel, he "also

encountered barriers to accessibility," which he says are documented in an "Addendum A" to the

complaint.  *Id*. ¶ 19.  The referenced addendum contains a series of photos, purportedly of various

locations at the Hotel, with generic captions such as "Inaccessible," "Identification," "No marked

passenger drop off zone," "Improperly configured handrails," and "No signage to accessible

route."  Dkt. No. 1 at 8–10.

Mr. Strojnik filed this action on November 18, 2019.  Dkt. No. 1.  Portola answered the

complaint on March 20, 2020.  Dkt. No. 8.  This motion followed on September 16, 2020.  Dkt.

No. 23.

## II.     LEGAL STANDARD

Rule 12(c) motions test the legal sufficiency of a claim.  *Chavez v. United States*, 683 F.3d

1102, 1108 (9th Cir. 2012).  A motion for judgment on the pleadings may be brought "[a]fter the

pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Judgment on the

pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is

entitled to judgment as a matter of law.'"  *Id.* (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th

Cir. 2009)).  The Court may consider materials subject to judicial notice without converting a Rule

12(c) motion into one for summary judgment.  *United States v. 14.02 Acres*, 547 F.3d 943, 955

(9th Cir. 2008).

A Rule 12(c) motion for judgment on the pleadings may assert a lack of subject matter

United States District Court
Northern District of California

jurisdiction.  5C Wright & Miller, Fed. Prac. & Proc. § 1367 (3d ed.); *see also* 5C Wright & Miller, Fed. Prac. & Proc. § 1350 ("[I]n a significant number of cases, federal courts have permitted a defending party to raise a lack of subject matter jurisdiction on a Rule 12(c) motion for judgment on the pleadings . . . ."); *Yu v. Designed Learned, Inc.*, No. 3:15-cv-5345-LB, 2016 WL 7033978, at *2 (N.D. Cal. Dec. 2, 2016); *Leslie Salt Co. v. United States*, 789 F. Supp. 1030 (N.D. Cal. 1991).  The Court's analysis of a Rule 12(c) motion that raises a question of subject matter jurisdiction conforms to the analysis required for a Rule 12(b)(1) motion.  5C Wright & Miller, Fed. Prac. & Proc. § 1367; *Diamond v. Corizon Health, Inc.*, No.16-cv-03534-JSC, 2016 WL 7034036, at *4 (N.D. Cal. Dec. 2, 2016).

Article III standing "is a necessary component of subject matter jurisdiction."  *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011).  A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack").  *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction.  *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations."  *Safe Air for Everyone*, 373 F.3d at 1039.  In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment.  *Id.*  Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of

United States District Court
Northern District of California

1    establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of*

2    *Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No.*

3    *205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  Where a motion is resolved on declarations alone

4    without an evidentiary hearing, the complaint's factual allegations are accepted as true.  *Rhoades*

5    *v. Avon Prods., Inc.*, 504 F3d 1151, 1160 (9th Cir. 2007).

6         Portola appears to raise both facial and factual challenges to Mr. Strojnik's standing.

7    Because the Court concludes it need consider only Portola's facial challenge to dispose of this

8    action, it does not reach the merits of Portola's factual challenge.  As the party asserting federal

9    subject matter jurisdiction, Mr. Strojnik bears the burden of establishing its existence.  *Kokkonen*

10   *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The record is limited to the complaint

11   and materials that may be judicially noticed.[2]  *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir.

12   2017).  Additionally, the Court must accept well-pled allegations of the complaint as true, draw all

13   reasonable inferences in Mr. Strojnik's favor, and determine whether his allegations are sufficient

14   to support standing.  *See id.*

15   **III.   DISCUSSION**

16        Portola argues that the Court should grant judgment in its favor because (1) Mr. Strojnik

17   lacks standing to bring an ADA claim; (2) Mr. Strojnik has not pled facts to support his ADA,

18   Unruh, or negligence claims; and (3) the Court should decline supplemental jurisdiction over the

19   state law claims.  Dkt. No. 23-1.  Because the Court has a continuing obligation to ensure that it

20   has subject matter jurisdiction at all times, *see* Fed. R. Civ. P. 12(h)(3), it addresses Portola's

21   argument concerning Mr. Strojnik's standing first.

22        **A.     Standing**

23        Under Article III of the Constitution, federal courts have jurisdiction to decide only actual

24   "Cases" or "Controversies," U.S. Const., art. III, § 2, and Mr. Strojnik has standing to sue if he

25   "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

26   defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v.*

27

28   [2] In resolving the present motion, the Court finds it unnecessary to consider materials Portola
     submitted for judicial notice.

4

1   *Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–

2   61 (1992).  Mr. Strojnik's claimed injury must be both "particularized" and "concrete."  A

3   "particularized" injury is one that "'affect[s] the plaintiff in a personal and individual way.'"

4   *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1).  A "concrete" injury "must

5   actually exist" and must be "real, and not abstract."  *Id*.

6       "[O]nce a disabled plaintiff has encountered a barrier violating the ADA, that plaintiff will

7   have a personal stake in the outcome of the controversy so long as his or her suit is limited to

8   barriers related to that person's particular disability."  *Chapman v. Pier 1 Imports (U.S.), Inc*., 631

9   F.3d 939, 948 (9th Cir. 2011) (internal quotations and citation omitted).  In the context of

10  injunctive relief—which is the only remedy available to Mr. Strojnik under Title III of the ADA,

11  *see* 42 U.S.C. § 12188; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002)—a plaintiff "must

12  demonstrate a sufficient likelihood that he will again be wronged in a similar way," *Fortyune v.*

13  *Am. Multi-Cinema, Inc*., 364 F.3d 1075, 1081 (9th Cir. 2004) (internal quotations and citation

14  additionally omitted).  "That is, he must establish a real and immediate threat of repeated injury."

15  *Id.* (internal quotations and citation omitted).  In the Ninth Circuit, an ADA plaintiff may establish

16  standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an

17  intent to return to a noncompliant facility."  *Chapman*, 631 F.3d at 944.  While courts take a broad

18  view of constitutional standing in disability access cases, "the ADA's reach is not unlimited."  *Id*.

19  at 946.

20      Portola challenges Mr. Strojnik's Article III standing to bring his ADA claim on three

21  grounds: (1) the complaint fails to demonstrate a concrete and particularized injury because Mr.

22  Strojnik does not identify how any barriers relate to his claimed disability, (2) the complaint does

23  not allege facts demonstrating that Mr. Strojnik faces a real and immediate threat of repeated

24  injury, and (3) Mr. Strojnik does not, in fact, have a disability that affects his mobility.  Mr.

25  Strojnik does not directly respond to or dispute these arguments in his opposition brief.  *See* Dkt.

26  No. 24.  For the reasons discussed below, the Court agrees with Portola on the first two grounds

27  asserted.  The Court therefore does not reach the third issue of whether Mr. Strojnik is actually

28  disabled.

5

1.    **Injury-in-fact**

a.    **Alleged disability**

The complaint contains few allegations regarding Mr. Strojnik's alleged disability.  He pleads that he suffers from multiple conditions, including "severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and] missing part of a limb (prosthetic right knee)."  Dkt. No. 1 ¶ 3.  He further pleads that those impairments "substantially limited his major life activities" in that he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation."  *Id.* ¶ 4.  Mr. Strojnik says that his "impairment is constant" but that the degree of pain varies.  *Id.*  As such, he asserts that he "requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted."  *Id.* ¶ 14.

These allegations are vague and conclusory.  It is not clear whether Mr. Strojnik requires a wheelchair (or merely has one) or whether he requires assistive devices for walking.  He does not state what the nature of his "difficulty" is with respect to walking.

b.    **Alleged barriers**

The ADA prohibits barriers that interfere with a plaintiff's "full and equal enjoyment" of a place of public accommodation on account of the plaintiff's particular disability.  42 U.S.C. § 12182(a); *Chapman*, 631 F.3d at 947.  Mr. Strojnik's complaint is based on an alleged lack of information on websites, as well as alleged physical barriers at the Hotel itself.  As discussed below, the complaint fails to allege sufficient facts stating what accessibility barriers Mr. Strojnik encountered or explaining how any alleged barriers relate to his particular disability.

The ADA applies to websites of public accommodations, such as hotels, where the alleged inaccessibility impedes access to the goods and services of a physical location.  *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) ("Because the ADA only covers actual, physical places where goods or services are open to the public, and places where the public gets those goods or services, there ha[s] to be some connection between the good or service complained of and an actual physical place.") (internal quotations and citation omitted).  The Court infers from Addendum A that Mr. Strojnik accessed information about the Hotel on

6

United States District Court
Northern District of California

1   "hotels.com" and "portolahotel.com" on or around September 21-22, 2019.  Dkt. No. 1 ¶¶ 15-16,

2   Addendum A at 8.  Mr. Strojnik alleges that the websites violate 28 C.F.R. § 36.302(e)[3] "by

3   failing to identify and describe accessible features in the hotel and guest rooms in enough detail to

4   reasonably permit [Mr. Strojnik] to assess independently whether the hotel or guest room meets

5   his accessibility needs."  *Id.*, Addendum A at 8.  This allegation merely parrots the cited regulation

6   and does not identify what accessibility features Mr. Strojnik claims are required to accommodate

7   his disability or state that those specific features were not described on the websites.  Similarly

8   vague and conclusory allegations have been found insufficient to support Mr. Strojnik's standing

9   in other similar cases.  *See, e.g.*, *Strojnik v. R.F. Weichert*, No. 20-cv-00354-VKD, 2021 WL

10  242912, at *3–6 (N.D. Cal. Jan. 24, 2021) (dismissing action for lack of standing where plaintiff

11  failed to explain how the alleged physical barriers interfered with his access); *Strojnik v. SCG Am.*

12  *Constr.*, No. SACV 19-1560 JVS (JDE), 2020 WL 4258814, at *3–4 (C.D. Cal. Apr. 19, 2020)

13  ("Strojnik cannot rely solely on conclusory allegations, but rather must state what information is

14  missing [from the websites] that would prevent him from staying at the hotel."); *Strojnik v. IA*

15  *Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 WL 906722, at *2 (N.D. Cal. Feb. 25,

16  2020) ("Strojnik's allegations relate mainly to the lack of information regarding accessibility

17  features on Andaz Napa's website, but he does not explain which accessibility features are

18

19  ---
    [3] The cited regulation provides, in relevant part:

20
21      (e)(1) Reservations made by places of lodging.  A public accommodation that
        owns, leases (or leases to), or operates a place of lodging shall, with respect
22      to reservations made by any means, including by telephone, in-person, or
        through a third party—

23          (i) Modify its policies, practices, or procedures to ensure that
            individuals with disabilities can make reservations for accessible
24          guest rooms during the same hours and in the same manner as
            individuals who do not need accessible rooms;

25
26          (ii) Identify and describe accessible features in the hotels and guest
            rooms offered through its reservations service in enough detail to
27          reasonably permit individuals with disabilities to assess
            independently whether a given hotel or guest room meets his or her
            accessibility needs[.]

28  28 C.F.R. § 36.302(e).

1    required to accommodate his disability or allege that those specific features were not described on

2    the website."); *Strojnik v. Landry's Inc*., No. 4:19-CV-01170, 2019 WL 7461681, at *4 (S.D. Tex.

3    Dec. 9, 2019), *report and recommendation adopted*, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020)

4    ("Strojnik has not alleged in what manner the hotel's website is deficient in listing the accessibility

5    features of its accessible rooms, and has not alleged how the website should be edited to provide

6    the type of information Strojnik believes is needed.").  For these reasons, Mr. Strojnik's

7    conclusory allegations about the lack of information on the hotels.com and portolahotel.com

8    websites are insufficient to support his Article III standing.

9          Mr. Strojnik's allegations regarding the alleged physical barriers at the Hotel are equally

10   deficient.  The complaint includes photos that purport to show architectural barriers present at the

11   Hotel.  Dkt. No. 12 ¶ 19, Addendum A at 8–10.  These photos are labeled with generic captions.

12   For example, some photos depict walkways or steps, accompanied by a caption stating, "No

13   signage to accessible route" or "No signage to accessible room."  *Id.*, Addendum A at 8–10.  Other

14   photos show handrails, noting "Improperly configured handrails."  *Id.*  Other photos of counters or

15   bars bear the caption of "Inaccessible check in counter," "Inaccessible bar," "Inaccessible

16   gallery," Inaccessible gallery counter," or "Inaccessible wash station."  *Id.*  Finally, the complaint

17   also includes two photos of the exterior of the Hotel, which are captioned "Identification" and "No

18   marked passenger drop off zone."  *Id.*, Addendum A at 8.  The complaint states that these alleged

19   violations "described in Addendum A relate to [Mr. Strojnik]'s disabilities and interfere with [his]

20   full and complete enjoyment of the Hotel."  *Id*. ¶ 20.

21         These generic captions are insufficient to establish Mr. Strojnik's standing to pursue his

22   ADA claim.  To begin, Mr. Strojnik makes vague assertions about his claimed disabilities and

23   required accommodations, generally stating only that he requires "compliant mobility features"

24   and "an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory

25   and wheelchair assisted."  *Id.* ¶¶ 4, 14.  Moreover, he does not explain how the alleged physical

26   barriers depicted in the photos prevent him from full and equal access to the facility.  The

27   complaint contains no allegations that he communicated with the Hotel or that he made any

28   attempt to determine if alternate accommodations were available.  Mr. Strojnik has not alleged

United States District Court
Northern District of California

8

sufficient facts demonstrating that he encountered any accessibility barriers related to his particular disability. *See, e.g.*, *Strojnik v. Driftwood Hospitality Mgmt. LLC*, Nos. CV-20-01532-PHX-DJH, CV-20-00343-PHX-DJH, CV-20-01434-PHX-DJH, 2021 WL 50456, at *5 (D. Ariz. Jan. 6, 2021) (concluding that Mr. Strojnik did not plead sufficient facts establishing an injury in fact, where he made "vague statements about his disabilities" and failed to explain how the particular hotel features depicted in photographs impacted him); *Strojnik v. VY Verasa Com. Co.*, No. 3:19-cv-02556-WHO, 2020 U.S. Dist. LEXIS 169026, at *18 (N.D. Cal. Sept. 15, 2020) (concluding that the proffered photos and captions do not demonstrate that Mr. Strojnik was deprived of full and equal enjoyment of the hotel in question, where he did not allege a lack of adequate alternatives).

### c.      Intent to return

Nor has Mr. Strojnik alleged sufficient facts demonstrating a real and immediate threat of repeated injury. "Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). "That is, he must establish a 'real and immediate threat of repeated injury.'" *Id.* (quoting *Lyons*, 461 U.S. at 102). As the Ninth Circuit and others recognize, "an ADA plaintiff demonstrates a sufficient likelihood of future harm to establish standing to sue for an injunction when he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Id.*

Asserting that Mr. Strojnik lives nearly 700 miles from the Hotel, Portola notes that Mr. Strojnik does not allege that he has visited the Hotel in the past, does not say that he has any concrete plans to visit the Hotel in the future, and has not offered any reason why he would visit the Hotel in the future. Dkt. No. 23-1 at 16–17. The complaint does not allege any specific facts relating to Mr. Strojnik's intent to return to the Hotel. *See Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *26 (C.D. Cal. Jan. 22, 2020) (finding that plaintiff did not sufficiently allege an intent to return to the hotel in question because there were

"no allegations as to why Plaintiff prefers this particular Hilton property, as opposed to others in the 'Disneyland area'"); *see also Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (concluding that the plaintiff "establish[ed] actual or imminent injury for purposes of standing" by stating that he "has visited [the subject] store in the past," "has actual knowledge of the barriers to access at that store," "prefers to shop at [defendant's stores]," and "would shop at the [subject store] if it were accessible"); *cf. Doran v. 7-Eleven, Inc*., 524 F.3d 1034, 1040 (9th Cir. 2008) (concluding that although the plaintiff lived over 500 miles away from the store in question, he established an intent to return by "alleg[ing] that he had visited the 7–Eleven store on ten to twenty prior occasions, that he is currently deterred from visiting the store because of its accessibility barriers, that the store is conveniently located near his favorite fast food restaurant in Anaheim, and that he plans to visit Anaheim at least once a year on his annual trips to Disneyland").  While the complaint states that Mr. Strojnik "intends to visit [the Hotel] at a specific time when [it] becomes fully complaint with ADAAG" (Dkt. No. 12 ¶ 12), "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury" required to establish standing.  *Lujan*, 504 U.S. at 564 (emphasis original).

### 2.    Deterrence

"Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief."  *Chapman*, 631 F.3d at 949.  Alternatively, a disabled individual can demonstrate sufficient injury to establish Article III standing if he is deterred from visiting a noncompliant public accommodation.  *Id*.  A plaintiff may establish standing under a deterrence theory without actually visiting the facility.  *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.* ("*CREEC*"), 867 F.3d 1093, 1099–1100 (9th Cir. 2017).  However, a plaintiff must still "allege 'actual knowledge of a barrier' and an intent to visit a facility once it is ADA compliant."  *IA Lodging*, 2020 WL 906722 at *3 (quoting *CREEC*, 867 F.3d at 1099); *see also Pickern*, 293 F.3d at 1135 ("We hold that when a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile

United States District Court
Northern District of California

1    gesture' of attempting to gain access in order to show actual injury during the limitation period.").

2        In his opposition brief, Mr. Strojnik appears to suggest that he is an ADA tester, and the

3    arguments presented in his opposition brief suggest that he may be relying primarily, if not

4    entirely, on a deterrence theory to establish standing.  *See* Dkt. No. 24 at 3.  He has not, however,

5    pled sufficient facts that he was deterred from visiting the Hotel.  As discussed above, the generic

6    captions in Addendum A of the complaint do not adequately explain why the features shown in

7    the photos are related to Mr. Strojnik's disability or how they would impact his access to the

8    facility.

9        Mr. Strojnik cites other decisions, including some from this district, in which courts have

10   denied motions to dismiss under Rule 12 in cases where he says defendants presented arguments

11   similar to those Portola now makes.  Dkt. No. 24 at 1 (citing *Strojnik v. Resort at Indian Springs,*

12   *LLC*, No. 19-cv-04616-SVK, 2020 WL 3470100 (N.D. Cal. June 25, 2020); *Strojnik v. 574*

13   *Escuela, LLC*, No. 3:18-cv-06777-JD, 2020 WL 1557434 (N.D. Cal. June 1, 2020); *Strojnik v. GF*

14   *Carneros Tenant, LLC*, No. 19-cv-03583-JSC, 2019 WL 5963244 (N.D. Cal. Nov. 13, 2019);

15   *Johnson v. Alhambra & O Assocs.*, No. 2:19-cv-00103-JAM-DB, 2019 WL 2577306 (E.D. Cal.

16   June 24, 2019)).  Those cases are distinguishable.  *574 Escuela* and *GF Carneros* concerned

17   allegations solely relating to the absence of information on websites; Mr. Strojnik did not allege

18   that he had personally encountered barriers at the premises at issue, and the courts in those cases

19   did not discuss whether the complaints adequately described how the alleged barriers related to his

20   disability.  *574 Escuela*, 2020 WL 1557434, at *1; *GF Carneros*, 2019 WL 5963244, at *1.

21   Furthermore, the complaints at issue in *Johnson* and *Resort at Indian Springs* contained far more

22   detailed allegations about the barriers and how they related to the plaintiffs' disabilities, as well as

23   Mr. Strojnik's past trips and future plans to visit the area—facts that the complaint in this action

24   does not include.  *Johnson*, 2019 WL 2577306, at *3; *Resort at Indian Springs*, 2020 WL

25   3470100, at *3.

26       In sum, based on the foregoing, Mr. Strojnik has not pled facts sufficient to establish his

27   Article III standing to pursue his ADA claim, which is the sole basis for federal jurisdiction.

28   Because the Court finds Portola's facial challenge persuasive, it does not address Portola's factual

United States District Court
Northern District of California

11

challenge to the nature and extent of Mr. Strojnik's disability, if any.

### B.    State Law Claims

Having dismissed Mr. Strojnik's ADA claim for lack of standing, this Court has no authority to retain jurisdiction over his state law claims. *Scott v. Pasadena Unified Sch. Dist*., 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)). Those claims are dismissed without prejudice.

### C.    Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In his opposition brief, Mr. Strojnik does not directly address or dispute any of Portola's arguments, including its argument that he does not actually have a disability that affects his mobility. Indeed, Mr. Strojnik has provided no indication that there are additional facts that may be alleged on a further amendment that would cure the deficiencies—whether facial or factual—discussed in this order. Although the Court is mindful that pro se pleadings should be liberally construed, it is undisputed that Mr. Strojnik is a former licensed attorney, who has filed numerous similar lawsuits in this district and others in which defendants have raised many of the same challenges Portola raises here. To the extent any additional facts exist that Mr. Strojnik truthfully could allege, he should have identified them in his opposition brief. *See, e.g.*, *Thibodeaux v. Teamsters Local 853*, 264 F. Supp. 772, 780 (N.D. Cal. 2017) (concluding that granting leave to amend would be futile where plaintiff did not request leave and made no showing he could allege additional facts to support his claim).

1    Portola opposes leave to amend, noting that Mr. Strojnik has been declared a vexatious

2    litigant by other judges in this district and in another district within the Ninth Circuit.  Dkt. No.

3    23-1 at 25 (citing *Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983 DMR, 2020 WL

4    2838814, at *6–13 (N.D. Cal. June 1, 2020); *SCG Am. Constr. Inc.*, 2020 WL 4258814 at *6–8).

5    While those matters are not directly relevant to the Court's consideration of the present matter,

6    Portola also refers to two Ninth Circuit decisions affirming district courts' dismissal of Mr.

7    Strojnik's initial complaints without leave to amend.  *Id.* at 3.  In *Strojnik v. Pasadena Robles*

8    *Acquisition, LLC*, the district court granted defendant's motion to dismiss for lack of standing

9    based on Mr. Strojnik's failure to adequately plead deterrence or an intent to return.  *Strojnik v.*

10   *Pasadena Robles Acquisition, LLC*, No. 2:19-cv-02067-AB-PJW, Dkt. No. 23 at 3–8 (C.D. Cal.

11   August 14, 2019), *aff'd*, 801 F. App'x 569 (9th Cir. 2020).  The *Pasadena Robles* court also

12   expressed skepticism that the complaint adequately alleged an injury in fact because it was

13   "devoid of facts alleging what these access barriers are" and how they were tied to Mr. Strojnik's

14   alleged disability.  *Id.* at 4 n.1.  Similarly, in *Strojnik v. Kapalua Land Co. Ltd.*, the district court

15   granted defendants' motion to dismiss because, among other reasons, Mr. Strojnik had not alleged

16   any facts showing that he had suffered a "distinct and palpable injury."  *Strojnik v. Kapalua Land*

17   *Co. Ltd.*, No. 19-00077 SOM-KJM, 2019 WL 4685412, at *3, 7–8 (D. Haw. Aug. 26, 2019),

18   *report and recommendation adopted*, 2019 WL 4684450 (D. Haw. Sept. 25, 2019), *aff'd*, 801 F.

19   App'x 531 (9th Cir. 2020).  The Ninth Circuit affirmed both decisions to dismiss without leave to

20   amend because the courts found that amendment would be futile.  *Pasadena Robles*, 801 F. App'x

21   at 570 (citing *CREEC*, 867 F.3d at 1100 for the proposition that "district courts make 'case-by-

22   case determinations about whether a particular plaintiff's injury is imminent'"); *Kapalua Land*,

23   801 F. App'x at 531–32 (same).

24         Accordingly, because Mr. Strojnik has not indicated that there are any facts that he could

25   plead from which the Court may draw an inference of adequate standing for his ADA claim, the

26   Court finds that amendment would be futile.

27         **D.      Mr. Strojnik's Request for Sanctions**

28         In his opposition brief, Mr. Strojnik requests the Court sanction defense counsel because

he believes Portola's motion is "retaliatory in nature," "baseless in law," and "groundless and vexatious."  Dkt. No. 24 at 2, 8.  That request does not comply with Civil Local Rule 7-8(a), which requires that a motion for sanctions be separately filed and noticed.  Also, in view of this order, such a motion would appear to lack merit.  The Court therefore denies the request.

## IV.     CONCLUSION

For the foregoing reasons, the Court dismisses Mr. Strojnik's ADA claim for lack of standing without leave to amend because amendment would be futile.  Mr. Strojnik's state law claims are dismissed without prejudice, and his request for sanctions is denied.

**IT IS SO ORDERED.**

Dated: March 17, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge