UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>v.<br><br>PORTOLA HOTEL, LLC,<br><br>    Defendant. | Case No. 19-cv-07579-VKD<br><br>**ORDER DENYING MOTION FOR RELIEF UNDER RULES 59 AND 60**<br><br>Re: Dkt. No. 31 |

Before the Court is plaintiff Peter Strojnik's motion for relief under Rules 59 and 60 of the Federal Rules of Civil Procedure. Dkt. No. 31. Mr. Strojnik asks this Court to review its prior order dismissing his case for lack of standing (Dkt. No. 28), and to set aside the judgment entered against him and in favor of defendant Portola Hotel, LLC ("Portola") (Dkt. No. 29). Portola opposes the motion. Dkt. No. 35. The Court finds Mr. Strojnik's motion suitable for decision without oral argument. Civil L.R. 7-1(b). Having considered the parties' submissions and the record as a whole, the Court denies Mr. Strojnik's motion for relief under Rules 59 and 60.

**I.    BACKGROUND**

The Court detailed the facts underlying Mr. Strojnik's claims in its previous orders and does not repeat them here. *See* Dkt. Nos. 28, 38.

On March 17, 2021, the Court granted Portola's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and dismissed all of Mr. Strojnik's claims, including his ADA claim, for lack of standing. Dkt. No. 28. The Court entered judgment for Portola. Dkt. No. 29.

On April 5, 2021, Mr. Strojnik filed the present motion seeking relief from the judgment

pursuant to Rules 59 and 60. Dkt. No. 31.

## II. LEGAL STANDARD

When, as here, the Court's ruling has resulted in a final judgment or order, a party may move for relief from such judgment or order based on either Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from the judgment). *Am. Ironworks & N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

The Court may alter or amend a judgment under Rule 59(e) upon a showing of one of four grounds: "(1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and citation omitted). A motion brought under Rule 59(e) is not an opportunity for a party to relitigate the claims that were before the Court prior to judgment but is instead an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation and citation omitted) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," and should not be granted "absent highly unusual circumstances.").

Similarly, Rule 60(b) allows a party to "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," or any other reason that justifies relief. *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005). Like Rule 59(e), Rule 60(b) relief is an extraordinary remedy. *See Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989). "Motions for relief from judgment pursuant to [Rule] 60(b) are committed to the sound discretion of the trial judge." *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994) (citation omitted).

As a general matter, a motion for review of a judgment or order is treated as a Rule 59(e) motion to alter or amend judgment if it is timely filed following entry of judgment, and otherwise as a Rule 60(b) motion for relief from a judgment or order. *See* Fed. R. Civ. P. 59(e) (motion must

be filed no later than 28 days after entry of judgment); *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

### III. DISCUSSION

Because Mr. Strojink timely filed his motion within 28 days of entry of judgment, the Court considers whether he is entitled to relief under Rule 59(e).

Mr. Strojnik argues that this Court should reconsider its dismissal of his ADA claim for lack of standing because "the Court did not have the benefit of the *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021) decision rendered on January 25, 2021." Dkt. No. 31 at 1. Mr. Strojnik appears to argue that an intervening change in controlling law warrants reconsideration of this Court's decision under Rule 59(e). Although it was not cited by either party, the *Whitaker* decision issued before this Court's March 17, 2021 order. For this reason, the Court construes Mr. Strojnik's motion as resting on the argument that relief is necessary to correct a manifest error of law—*i.e.*, that the March 17, 2021 order is contrary to the Ninth Circuit's holding in *Whitaker*.

The Court is not persuaded that its prior order is contrary to law. First, the Court does not read *Whitaker* as announcing a change in the law of standing. Mr. Strojnik has not shown otherwise.

Second, Mr. Strojnik argues that his complaint should not have been dismissed for lack of standing because the allegations in his complaint "mirror" the allegations found sufficient to establish injury-in-fact in *Whitaker*. *See* Dkt. No. 31 at 1. He relies on the following language from that case:

> Here, Whitaker's complaint alleges that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning. These allegations are sufficient to establish injury-in-fact for purposes of standing.

*Whitaker*, 985 F.3d at 1179. But *Whitaker* does not support Mr. Strojnik's position. To the contrary, Mr. Strojnik's complaint is similar to the complaint found insufficient in *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc). In *Chapman*, the Ninth Circuit concluded that the ADA plaintiff failed to allege standing because he did not allege how

3

his disability related to the barriers he encountered. Instead, he attached an accessibility survey to his complaint identifying multiple barriers that he claimed denied him access to the store, without connecting the barriers to his disability, "or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store." *Chapman*, 631 F.3d at 955. As explained in the Court's March 17, 2021 order, Mr. Strojnik's complaint included an addendum with photos labeled with generic captions purporting to show architectural barriers present at Portola, but his complaint did not connect any of the alleged barriers with any of Mr. Strojnik's alleged disabilities or explain how those barriers prevented him from full and equal access to Portola. *See* Dkt. No. 28 at 8-9. These circumstances distinguish his pleading from the successful allegations of standing in *Whitaker*.[1]

Accordingly, the Court finds that Mr. Strojink is not entitled to relief under Rule 59(e).

## IV. CONCLUSION

For these reasons, the Court denies Mr. Strojnik's motion for relief under Rule 59(e).

**IT IS SO ORDERED.**

Dated: September 14, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Other courts have dismissed similar complaints filed by Mr. Strojnik on similar grounds. *See Strojnik v. Woodside Hotel Grp., Ltd*, No. 20-cv-03204-BLF, 2021 WL 1238308, at *5–6 (N.D. Cal. Apr. 2, 2021) (finding that Mr. Strojnik did not establish standing under *Chapman*); *Strojnik v. Ogle, et al.*, No. CV-20-08194-PHX-JAT, 2021 WL 1250345, at *3 (D. Ariz. Apr. 5, 2021) (finding Mr. Strojnik's case more analogous to *Chapman* than to *Whitaker*).