UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PORTOLA HOTEL, LLC,<br><br>　　　　Defendant. | Case No. 19-cv-07579-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 30 |

Defendant Portola Hotel, LLC ("Portola") moves for an award of attorney's fees as a prevailing party pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12205, or, in the alternative, for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the Court's inherent powers. Dkt. No. 30. Plaintiff Peter Strojnik opposes the motion. Dkt. No. 33.

The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b). Having considered the parties' submissions, the Court grants defendant's motion for attorney's fees pursuant to the ADA's fee-shifting provision.

## I.  BACKGROUND

On March 20, 2019, Mr. Strojnik filed this disability rights action pro se asserting a claim under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., as well as related state law claims, challenging alleged accessibility barriers. Dkt. No. 1. On March 17, 2021, the Court granted Portola's motion to dismiss for lack of standing, dismissed the related state law claims, and entered judgment in Portola's favor. Dkt. Nos. 28, 29. Portola now moves for an award of fees incurred in successfully defending the action. Dkt. No. 39.

## II. LEGAL STANDARD

Under the ADA, the Court may award a "prevailing party" "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. This provision does not distinguish between plaintiffs and defendants, but the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Kohler v. Bed Bath & Beyond of Cal., LLC, dba Bed Bath & Beyond #1136*, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418–19 (1978)). Accordingly, fees may be awarded to a prevailing defendant only when "the plaintiff's action was frivolous, unreasonable, or without foundation." *Kohler*, 780 F.3d at 1266 (quoting *Summers v. A. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997) (internal quotation marks omitted)); *see also Christiansburg Garment Co.*, 434 U.S. at 421.

An action is frivolous if it lacks an arguable basis in law or fact; it need not be brought in bad faith. *CRST Van Expedited Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016); *Shaw v. Gera*, No. 5:18-cv-06765-EJD, 2019 WL 4933636, at *2 (N.D. Cal. Oct. 7, 2019) (citing *Peters v. Winco Foods, Inc.*, 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004)). In applying this standard, the Court must assess the action at the time it was filed, taking into consideration whether the claims raise issues that were not clearly resolved by prior case law. *Kohler*, 780 F.3d at 1267. In addition, the Court must avoid "awarding fees simply because a plaintiff did not ultimately prevail." *Id.* at 1266.

## III. DISCUSSION

Mr. Strojnik opposes Portola's motion for attorney's fees and costs on two related grounds. First, he argues that Portola did not prevail because the Court did not reach the merits of his claims but dismissed the complaint for lack of subject matter jurisdiction. Second, he argues that because the Court did not reach the merits, his claims cannot be considered frivolous, unreasonable, or without foundation. Dkt. No. 33 at 4-5. The Court considers each argument.

### A. Whether Portola Is a Prevailing Party

The law is clear that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *Amphastar Pharm. v. Aventis Pharma SA*, 856 F.3d 696, 709 (9th

2

Cir. 2017) (quoting *CRST Van Expedited Inc.*, 136 S. Ct. at 1646) (dismissal for lack of subject matter jurisdiction is "a significant victory and permanently changes the legal relationship of the parties"). Every district court within the Ninth Circuit that has considered this issue post-*Amphastar* has concluded that a defendant who obtains an order dismissing an ADA claim for lack of standing is a prevailing party under the statute. *See Rutherford v. Evans Hotels, LLC*, No. 18-CV-435 JLS (MSB), 2021 WL 1945729, at *3 (S.D. Cal. May 14, 2021); *Strojnik v. 1017 Coronado, Inc.*, No. 19-CV-02210-BAS-MSB, 2021 WL 120899, at *3 (S.D. Cal. Jan. 13, 2021); *Advocs. for Individuals with Disabilities, LLC v. MidFirst Bank*, No. CV-16-01969-PHX-NVW, 2018 WL 3545291, at *5 (D. Ariz. Jul. 24, 2018). The Court agrees that Portola has "fulfilled its primary objective" of obtaining dismissal of Mr. Strojnik's claims and is the prevailing party. *See Amphastar*, 856 F.3d at 709 (quoting *CRST*, 136 S. Ct. at 1646).

### B. Whether the Action Was Frivolous

Mr. Strojnik cites no authority for his contention that his claims cannot be found "frivolous, unreasonable, or without foundation" because the Court did not reach the merits of his claims. A decision on the merits is not a prerequisite for a finding that the action was frivolous or baseless. *See, e.g.*, *Strojnik v. 1017 Coronado, Inc.*, 2021 WL 120899, at *1, *4. Rather, the Court must consider whether Mr. Strojnik "had no reasonable foundation on which to bring the suit" and whether he "knew or should have known that the Court would not have jurisdiction." *See Amphastar*, 856 F.3d at 710.

Mr. Strojnik has a well-documented history of filing ADA claims with broad, non-specific allegations, almost all of which have been dismissed for lack of standing or failure to state a claim. *See Rutherford*, 2021 WL 1945729, at *4–5 (summarizing dismissed cases); *Strojnik v. 1017 Coronado, Inc.*, 2021 WL 120899, at *3–4 (summarizing dismissed cases). In *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 WL 2838814, at *10–13 (N.D. Cal. Jun. 1, 2020), Judge Ryu of this district reviewed all of the 114 cases that had been filed by Mr. Strojnik in California district courts and found that his "litigation tactics are frivolous and harassing." *Id.* at *13. In particular, Judge Ryu noted that "despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate," Mr.

3

Strojnik consistently fails to establish that an alleged barrier relates to his disability and so repeatedly fails to allege Article III standing. *Id.* at *10–12; *see also Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, ECF 43, at 7–18 (C.D. Cal. Jan. 22, 2020), *aff'd*, 829 F. App'x 783 (9th Cir. Nov. 17, 2020); *Strojnik v. Four Sisters Inns, Inc.*, No. 19-cv-2991, 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019); *Strojnik v. Pasadena Robles Acquisition, LLC*, No. 19-cv-2067, ECF 23, at 4 n.1 (C.D. Cal. Aug. 14, 2019), *aff'd*, 801 F. App'x 569 (9th Cir. Apr. 15, 2020).[1]

Mr. Strojnik's repeated failure to file pleadings that adequately allege standing support a finding that his similar conduct in this case demonstrates not only that he had no reasonable basis to allege an injury-in-fact that would support Article III standing but also that he knew or should have known that he lacked standing. His action raised no issues that had not already been clearly resolved by prior case law. Accordingly, the Court concludes that Mr. Strojnik's claims were frivolous, unreasonable, and without foundation, and that Portola is entitled to an award of attorneys' fees.

### C.  Attorney's Fees Request

Portola requests an award of the fees incurred by its counsel, Philip Stillman, as of the date of the motion in the amount of $13,122.00, plus an additional $1,000 for an estimated two hours spent preparing the reply brief in support of his fees motion and preparation for oral argument. Dkt. No. 30 at 18; Dkt. No. 30-2 (Stillman Decl.) ¶ 19. Thus, in total Portola seeks $14,122.00 in fees. As noted, Mr. Strojnik argues that Portola is not entitled to a fee award, but he does not object to the amount of fees claimed. *See* Dkt. No. 33.

The calculation of a reasonable fee award is a two-step process. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, a court begins by calculating the "lodestar figure," or

---

[1] Judge Bashant in the Southern District of California observed that on December 10, 2019, less than one month after the complaint in the instant action was filed, Mr. Strojnik "walk[ed] into a courtroom unassisted by a wheelchair." *Strojnik v. 1017 Coronado, Inc.*, 2021 WL 120899, at *3. Judge Bashant also noted that an examiner had concluded Mr. Strojnik "ambulates relatively well with a very slight limp and has an erect posture." *Id.* These findings are consistent with the Court's earlier conclusion that Mr. Strojnik could not allege standing even if given leave to amend. *See* Dkt. No. 28 at 12-13.

1 presumptive award, by multiplying the hours reasonably spent on the litigation by the attorney's
2 reasonable hourly rate. *See id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Second, a
3 court may enhance or reduce the lodestar figure based on the factors articulated in *Kerr v. Screen*
4 *Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), that were not subsumed in the initial lodestar
5 determination. *Id.* "A strong presumption exists that the lodestar figure represents a reasonable
6 fee, and therefore, it should only be enhanced or reduced in rare and exceptional cases." *Id.* at n.4
7 (internal quotation marks omitted).

### 1. Reasonable Hourly Rate

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum*, 465 U.S. at 896 n.11.

Mr. Stillman states that he has practiced in civil litigation for over 30 years, although he does not describe the extent of his experience with disability rights litigation. *See* Dkt. No. 30-2 ¶ 13. Several judges in this district have concluded that an hourly rate of $475-$750 per hour is reasonable for counsel with 20 years or more experience practicing in the area of disability rights. *Johnson v. Baird Lands, Inc., et al.*, No. 18-cv-05365-VKD, 2020 WL 3833278, at *2 *3, *5 (Jul. 8, 2020) (in a "relatively simple" matter, determining a reasonable hourly rate of $475 for an attorney with 20 years of experience in disability litigation); *Civ. Rts. Educ. And Enforcement Ctr. v. Ashford Hosp. Tr., Inc.*, No. 15-cv-00216-DMR, at *5 (N.D. Cal. Mar. 22, 2016) (in a complex disability rights class action, determining a reasonable hourly rate of $750 for an attorney with a total of 25 years of experience); *Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496-YGR, 2015 WL 1886708, at *4 (N.D. Cal. Apr. 24, 2015) (determining a reasonable hourly rate of $525

1   for an attorney with 20 years of experience, eight of which were in disability litigation). While
2   Mr. Stillman does not detail his experience in disability litigation, his rate of $550 per hour falls
3   within the range of rates applied in these cases. Further, this case arguably required greater skill
4   and experience to litigate successfully than the typical ADA case. Here, Portola defended the
5   action by challenging Mr. Stojnik's Article III standing and responded to Mr. Strojnik's post-
6   judgment motions. The Court notes that another judge of this district recently concluded that Mr.
7   Stillman's rate of $550 was reasonable in a similar case that required the same kind of work as in
8   the instant case. *See Strojnik v. The Inn at Jack London Square, LLC*, No. 20-cv-01289-SBA
9   (TSH), ECF 29, at 6–8 (N.D. Cal. Jan. 28, 2021), *report and recommendation adopted*, No. 20-cv-
10  01289 SBA, ECF 33 (N.D. Cal. Apr. 19, 2021).

11  For these reasons, the Court concludes that in this case Portola's counsel's hourly rate of
12  $550 is reasonable for the work performed. Moreover, Mr. Strojnik does not object to this rate.

### 2. Hours Reasonably Expended

14  Portola relies on Mr. Stillman's billing records which reflect that Mr. Spillman spent 23.84
15  hours working on the matter. Mr. Strojnik does not dispute the number of hours. However, the
16  Court has an independent duty to ensure that the number of hours supporting the fee request are
17  reasonable. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992).

18  Here, Mr. Stillman provided detailed billing records showing that the 23.84 hours spent
19  defending this action are reasonable. *See* Dkt. No. 30-4 at 1–2. Mr. Stillman asserts that he
20  "anticipate[s] requiring an additional two hours at $550 per hour to prepare a Reply memorandum
21  and prepare for any hearing on this Motion, for an additional $1,100." Dkt. No. 30-2 ¶ 19. As the
22  Court did not hold a hearing on the motion, the Court allows an additional hour for Mr. Stillman's
23  work on the reply brief, for a total of 24.84 hours worked.

### 3. Final Lodestar Amount

25  Multiplying the reasonable hourly rate and the hours reasonably expended yields a lodestar
26  amount of $13,662.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Portola's motion for attorney's fees.[2]  The Court awards defendant Portola $13,662 in attorney's fees.

**IT IS SO ORDERED.**

Dated: September 14, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] Because the Court finds attorney's fees may be awarded under the ADA, it does not consider whether sanctions are warranted under Rule 11, 28 U.S.C. § 1927, or this Court's inherent power.

7